IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Weldon Eugene Holtzclaw, Jr., ) | Case No. 6:25-cv-06897-DCC |
| ) | |
| Petitioner, ) | |
| ) | |
| v.                        ) | **ORDER** |
| ) | |
| Director of the Greenville County ) | |
| Detention Center,        ) | |
| ) | |
| Respondent.              ) | |
| _____ ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On October 28, 2025, the Magistrate Judge issued a Report recommending that this action be summarily dismissed. ECF No. 20. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner has filed objections. ECF No. 22. He previously filed two appeals of the Magistrate Judge's proper form orders. ECF Nos. 10, 13.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

## **ANALYSIS**

The Magistrate Judge recommends summary dismissal of the instant Petition because Petitioner's civil rights claims cannot be brought in a habeas action, he failed to exhaust state court remedies with respect to claims brought pursuant to § 2241, and abstention is appropriate under Younger v. Harris, 401 U.S. 37 (1971). In his objections, Petitioner reasserts some of his civil rights claims and makes various comments about the undersigned and Magistrate Judge McDonald. Because he filed objections, the Court has reviewed the record, the Report, and the applicable law de novo. Upon such review, the Court agrees with the recommendations of the Magistrate Judge.

As explained in more detail by the Magistrate Judge, Petitioner may not assert a claim for money damages or claim for violations of his civil rights in a habeas action. Accordingly, these claims are subject to summary dismissal. Further, there is no indication that Petitioner has exhausted his state court remedies, as required to maintain

an action pursuant to § 2241.  There are also no exceptional circumstances sufficient to excuse this failure.  Accordingly, the petition is subject to summary dismissal.  Finally and alternatively, abstention is appropriate under *Younger* because there are ongoing state criminal proceedings, the state has a strong interest in administering its criminal justice system without interference from federal courts, and Petitioner has an opportunity to raise his concerns in his state court proceeding.

Turning to Petitioner's other filings, he filed appeals of the Magistrate Judge's proper form orders.  The Magistrate Judge's orders are non-dispositive.  Federal Rule of Civil Procedure 72(a) permits a party to submit objections/appeals to a magistrate judge's ruling on non-dispositive matters.  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").  The objections/appeal must be filed and served within 14 days after being served a copy of the non-dispositive order.  *Id*.  Further, the Court's review is governed by the clearly erroneous or contrary to law standard of review.  *Id*.  Only if the decision is clearly erroneous or contrary to law may the district judge modify or set aside any portion of the decision.  *Id*.  A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948).  The Court has reviewed the Magistrate Judge's orders and Petitioner's

appeals. Upon such review, the Court finds that the Magistrate Judge's orders are neither clearly erroneous nor contrary to law. Accordingly, the appeals are denied.[1]

## CONCLUSION

Therefore, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the Report's recommendation. The Petition is **DISMISSED** without prejudice and without requiring Respondent to file an answer or return. Petitioner's appeals [10, 13] are **DENIED**.

Finally, as Petitioner has established himself as a frequent filer, future filings in this case will be reviewed but will not receive a response unless it is deemed necessary by the undersigned or Magistrate Judge McDonald.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 18, 2026
Spartanburg, South Carolina

---

[1] To the extent any of Petitioner's filings should be liberally construed as requesting recusal of the undersigned, that request is denied. Recusal of federal judges is generally governed by 28 U.S.C. § 455. Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). It appears that any request for recusal is solely based upon prior rulings in Petitioner's various cases. However, judicial rulings alone, "almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. U.S.*, 510 U.S. 540, 555 (U.S. 1994). "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism." *Id.* Any such request, therefore, is insufficient as a matter of law to establish any basis for recusal and is denied.